UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN RIAD JALLOUL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-0438-B |
| | § | (NO. 3:19-CR-094-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Steven Riad Jalloul's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

## I.    BACKGROUND

On February 21, 2019, Movant was named in a twelve-count indictment charging him in each count with preparing false tax returns, in violation of 26 U.S.C. § 7206(2). *United States v. Jalloul*, No. 3:19-CR-094-B, Crim. Doc. 1. Movant initially entered a plea of not guilty. Crim. Doc. 9. Movant later signed a plea agreement pursuant to which he agreed to plead guilty to the offenses charged in counts eleven and twelve of the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to his plea of guilty and to dismiss any remaining charges against him. Crim. Doc. 27. The plea agreement set forth the penalties Movant faced including restitution "which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone," and further provided that Movant understood that his sentence would be solely in the discretion of the Court; that the plea was freely and voluntarily made and

not the result of force, threats, or promises; that Movant waived the right to appeal or otherwise challenge his conviction, sentence, fine and order of restitution or forfeiture except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation. *Id.* Movant also signed a factual resume, which set forth the elements of the offenses charged in counts eleven and twelve of the indictment and the stipulated facts establishing that he had committed those offenses. Crim. Doc. 26.

On January 21, 2020, Movant entered his plea of guilty as agreed. Crim. Doc. 30. Movant testified under oath in open court that: Movant and counsel had discussed how the guidelines might apply, but he understood that he should never depend or rely on any statement or promise by anyone, including his attorney, as to the sentence he would receive; he had had the opportunity to fully discuss his case with counsel and was fully satisfied with the representation and advice he had received; he understood the essential elements of the charges against him and admitted that he committed each of them; no one had tried in any way to influence him to plead guilty; he had read and discussed the plea agreement with counsel before he signed it; he understood that he was waiving his right to appeal or otherwise contest his convictions and sentences including fines, restitution or forfeiture except in certain limited circumstances; he voluntarily and freely entered into the plea agreement; he understood the penalties he faced; he read and discussed the factual resume with counsel before signing it; and, all of the facts set forth in the factual resume were true and correct. Crim. Doc. 77.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 26. Crim. Doc. 35, ¶ 32. He received a two-level increase for

being in the business of preparing or assisting in the preparation of tax returns. *Id.* ¶ 33. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 39, 40. Based on a total offense level of 25 and a criminal history category of II, his guideline imprisonment range was 63 to 78 months; however the statutorily authorized maximum sentence was six years, so the guideline range became 63 to 72 months. *Id.* ¶ 86. The probation officer prepared an addendum to the PSR to reflect that Movant had committed another offense while on supervised release. The probation officer determined that Movant should not receive acceptance of responsibility, which increased his total offense level to 28, making his guideline imprisonment range 87 to 108 months. However, due to the statutory maximum, the guideline range became 72 months. Crim. Doc. 51. The probation officer prepared a second addendum to advise Movant of the proposed conditions of supervision. Crim. Doc. 54.

    At sentencing, Movant testified under oath that he had carefully reviewed the PSR and the first addendum to the PSR with counsel and did not have any questions and that he had also read the second addendum to the PSR and had no questions about it. Crim. Doc. 78 at 4–9. A second attorney, Mr. Jones, appeared at sentencing on Movant's behalf noting that he had come into the case to assist with Movant giving information to the Joint Terrorism Task Force. *Id.* at 10–11. He argued for mercy in sentencing based on Movant's background. *Id.* at 14–18. Movant himself also asked for mercy. *Id.* at 19–21. The government noted that, although it had believed that Movant had given helpful information in his debriefing, the fact that he had committed another federal crime during the time he was talking to the government caused the government to deem Movant to be not credible. *Id.* at 21–23. The Court took into account all of Movant's offenses and all of the 3553 factors in determining the sentences. *Id.* at 24–27.

3

The Court sentenced Movant to terms of imprisonment of 36 months as to each count, to run consecutively. Crim. Doc. 57. Movant appealed. Crim. Doc. 59. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Jalloul*, No. 21-10434, 2022 WL 4078567 (5th Cir. Sept. 6, 2022).

## II.      GROUND OF THE MOTION

Movant raises one ground in support of his motion in which he contends that he received ineffective assistance because his counsel Bejan Ghatrehee suffered from a conflict of interest. Doc. 1. Specifically, he complains that, because of the conflict, Ghatrehee failed to: investigate the claims and defenses in the case; advise Movant that federal law barred the government from obtaining restitution; investigate the government's theory of relevant conduct and measure of loss; attend the PSR interview; submit a sentencing memorandum; and present mitigating evidence at sentencing. *Id.* at 11–15.

## II.      APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for

4

transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance.

*Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

To show a Sixth Amendment violation, Movant has to show that Ghatrehee acted under the influence of an actual conflict and that such conflict adversely affected Movant's representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007), *abrogated on other grounds*, *Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017). A theoretical or speculative conflict is not enough; Movant must show that counsel was required to make a choice advancing his own interests or the interests of his other client to Movant's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Collins*, 986 F.2d 1478, 1486 (5th Cir. 1993). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243. Here, Movant adduces no evidence to support his allegation as to a conflict. His own conclusory allegations are insufficient to support relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (court does not consider bald, unsupported assertions on habeas).

Even if a conflict of interest had existed, and Movant has not established the existence of one, Movant waived his conflict-of-interest claim by voluntarily pleading guilty. *United States v. Palacios*, 928 F.3d 450, 457 (5th Cir. 2019). Knowing fully the consequences he faced, Movant freely and voluntarily entered into the plea agreement. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant does not contend that his plea was improperly induced; rather, he admits that he is guilty. Doc. 1 at 10. Thus, he has made no attempt to show that he would not have pleaded guilty but for his counsel's conduct. *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985). The argument in

6

his reply that his plea was unknowing and involuntary comes too late and is insufficient to overcome Movant's solemn declarations in open court in any event. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

With regard to waiver, the Court further notes that the alleged conflict existed at the outset, yet Movant, knowing Ghatrehee "had no prior federal criminal defense experience," Doc. 1 at 10, chose to retain him. Movant also recognized that Ghatrehee was concerned that the government might discover his payment of referral fees to Movant, a nonlawyer. *Id.* at 11. Movant obviously realized the hazards of proceeding with Ghatrehee, as he admits that he retained other attorneys to assist him. *Id.* at 10–11 (Movant retained Michael Endino, an experienced federal criminal defense attorney, to assist in this case. He also retained Stephen Jones, who handled the sentencing hearing on behalf of Movant.) A reasonable conclusion is that Movant waived any conflict on the part of Ghatrehee with the thought that he could later blame Ghatrehee if anything went wrong. *See Sealed Appellee v. Sealed Appellant*, 900 F.3d 663, 669–72 (5th Cir. 2018) (discussing implied waiver of conflict).

Even if Movant could have established a conflict, he could not prevail. One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Movant has not met his burden. He simply asserts that he "has reviewed his client file and found that there is no evidence of an investigation." Doc. 1 at 12. His speculation that because the unidentified file does not contain interview notes, legal research, or memoranda to the file, there must not have been an investigation does not establish anything. Moreover, he presents no evidence bearing independent indicia of reliability to support his allegations

7

regarding the actual amount of loss attributable to him. *Id.* at 13. The amount was reliably determined in the PSR. Crim. Doc. 35. Further, to the extent Movant complains about the calculation of restitution he agreed to pay, that determination was made before he entered his plea of guilty and any complaint in that regard has been waived. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (guilty plea waives all nonjurisdictional defects). Finally, claims of ineffective assistance of counsel with regard to the imposition of restitution are not cognizable under Section 2255. *United States v. Segler*, 37 F.3d 1131, 1136–37 (5th Cir. 1994).

As for the allegation that Ghatrehee provided ineffective assistance in failing to attend the PSR interview, no right to counsel attaches at a presentence interview, as the interview is not a critical stage of the proceedings." *United States v. Bounds*, 985 F.2d 188, 194 (5th Cir. 1993), *abrogated on other grounds*, *Edwards v. United States*, 523 U.S. 511 (1998); *United States v. Woods*, 907 F.2d 1540, 1543 (5th Cir. 1990). Failure of Ghatrehee to attend the interview did not deprive Movant of effective assistance of counsel. *Hott v. United States*, No. 4:18-CV-747-O, 2020 WL 7395384, at *4 (N.D. Tex. Dec. 17, 2020) (citing *Wainwright v. Torna*, 455 U.S. 586, 587–88 1982)).

Movant's final complaints are that Ghatrehee failed to object to the PSR, file a sentencing memorandum, or present mitigating evidence at sentencing. Doc. 1 at 14–15. Again, the allegations are wholly conclusory and unsupported. Movant can only speculate as to what reasonably competent counsel do. More importantly, he cannot show how any of these things would have made any difference at sentencing. The Court notes that attorney Jones took the primary role at sentencing, speaking on behalf of Movant and advocating for him. Crim. Doc. 78. Movant specifically denies that he is alleging any deficiency on the part of Jones. Doc. 1 at 10.

8

Further, the Court notes that Movant does not dispute the facts as set forth in the PSR regarding the domestic assaults. Rather, he seems to suggest that the Court might have been impressed with an excuse for why he behaved so violently. Merely stating the proposition explains why counsel would not want to raise the issue. *See Kitchens v. Johnson*, 190 F.3d 698, 703 (5th Cir. 1999) (decision not to raise issue that could harm defendant is not ineffective). There is not the slightest merit as to any of Movant's contentions.

## V.   CONCLUSION

Accordingly, Jalloul's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 22nd day of July, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

9